1
2
3
4
5
6

# IN THE UNITED STATES DISTRICT COURT FOR THE

## EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| **HELEN SEGURA,** | ) | **1:11-cv-634  AWI SMS** |
| **Plaintiff,** | ) | |
| **v.** | ) | **ORDER ON DEFENDANTS'** |
| | ) | **MOTIONS TO DISMISS** |
| **GREEN TREE SERVICING, LLC**, a | ) | |
| limited liability company; **KONDAUR** | ) | (Doc. Nos. 8, 11) |
| **CAPITAL CORPORATION, a California** | ) | |
| corporation; and DOES 1 through 10, | ) | |
| inclusive, | ) | |
| | ) | |
| **Defendants.** | ) | |

       This case arises from a defaulted loan that resulted in a trustee's sale of real property.
Plaintiff Helen Segura ("Segura") originally filed suit against Defendants Green Tree Servicing,
LLC ("Green Tree") and Kondaur Capital Corp. ("Kondaur") in the Fresno County Superior
Court.  Upon filing a Second Amended Complaint ("SAC") that alleged for the first time a
violation of a federal statute, Defendants removed to this Court.  The SAC alleges nine causes of
action (but are numbered as causes of action 14 through 22) – declaratory relief, fraud, 12 U.S.C.
§ 2607(b) ("RESPA"), quiet title, California Business and Professionals Code § 17200 ("UCL"),
California Civil Code §§ 1572 (fraud), 1788.17 (the Rosenthal Fair Debt Collection Practices Act
("RFDCPA")), and 2923.6, and injunctive relief.  Defendants move to dismiss the SAC.  Segura
is proceeding *pro se*, and she filed no opposition.  For the reasons that follow, the motions to
dismiss will be granted.

### FACTUAL BACKGROUND

Segura owned property located at 2577 Purvis Ave. in Clovis, California ("the Property"). On December 20, 2006, Segura obtained a $230,000 mortgage loan from At Home Capital ("AHC") to refinance an existing mortgage loan.  Request for Judicial Notice ("RJN") Ex. A.[1]  In exchange for the loan, Segura executed a promissory note and a deed of trust.  See id.  The deed of trust identifies Segura as the borrower, AHC as the lender, First American Title Company as the trustee, and Mortgage Electronic Registration System ("MERS") as the beneficiary.  See id.

By October 2009, Segura had defaulted on the loan, and a notice of default was recorded in the Fresno County Recorder's office.  See id. at Ex. B.  The notice of default indicates that Segura's default was in the amount of $17,696.92.

On November 30, 2009, Segura received notice that Kondaur would be the new servicer of her mortgage.  See id. at Ex. G.

On January 21, 2010, an assignment of mortgage, dated December 3, 2009, was recorded in the Fresno County Recorder's office.  See id. at Ex. C.  The assignment stated that MERS had assigned and transferred it rights under the deed of trust to Kondaur.  See id.

On March 30, 2010, a substitution of trustee dated January 8, 2010, was filed in the Fresno County Recorder's Office.  See id. at Ex. D.  The substitution states that Kondaur had substituted Seaside Trustee, Inc. as trustee of the deed of trust.  See id.  Also on March 30, 2010, because Segura had not cured her default, a notice of trustee's sale was recorded in the Fresno County Recorder's office.  See id. at Ex. E.

On April 22, 2010, Kondaur purchased the Property at a trustee's sale for $190,000.  See id. at Ex. F.

On April 20, 2010, Segura filed suit against Defendants in the Fresno County Superior Court.  See Notice of Removal Ex. A.  Following the sustaining of demurrers, Segura filed the

---

[1]Defendants request that the Court take judicial notice of various documents that were filed in the Fresno County Recorder's office or in the Fresno County Superior Court.  Plaintiff filed no opposition to this request.  A court may take judicial notice of matters of public record.  See Fed. R. Evid. 201; Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001).  The Court will grant Defendants' request and take judicial notice of the submitted documents.  See Lee, 250 F.3d at 688-89; Grant v. Aurora Loan Servs., 736 F.Supp.2d 1257, 1263-64 (N.D. Cal. 2010).  Because Green Tree's request is more extensive, a reference to "RJN" will refer to Green Tree's request.

SAC on March 21, 2011.  See id.  Defendants removed to this Court on April 20, 2011, and now move to dismiss the SAC.  As stated above, Segura filed no opposition.

## **LEGAL FRAMEWORK**

Under Federal Rule of Civil Procedure 12(b)(6)**,** a claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  A dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory.  Johnson v. Riverside Healthcare Sys., 534 F.3d 1116, 1121 (9th Cir. 2008); Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001).  In reviewing a complaint under Rule 12(b)(6), all allegations of material fact are taken as true and construed in the light most favorable to the non-moving party.  Marceau v. Blackfeet Hous. Auth., 540 F.3d 916, 919 (9th Cir. 2008); Vignolo v. Miller, 120 F.3d 1075, 1077 (9th Cir. 1999).  However, the Court is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1056-57 (9th Cir. 2008); Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).  To "avoid a Rule 12(b)(6) dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009); see Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. at 1949.  That is, "for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. United States Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009).  In deciding whether to dismiss a claim under Rule 12(b)(6), the Court is generally limited to reviewing only the complaint, but it may take judicial notice of public records outside the pleadings, review materials which are properly submitted as part of the complaint, and review documents that are incorporated by reference in the Complaint if no party questions their authenticity.  See Knievel v. ESPN, 393 F.3d 1068, 1076 (9th Cir. 2005).  If a

Rule 12(b)(6) motion is granted, "[the] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc).  In other words, leave to amend need not be granted where amendment would be futile.  Gompper v. VISX, Inc., 298 F.3d 893, 898 (9th Cir. 2002).

## DEFENDANTS' MOTIONS

**I.     Cause of Action Fourteen – Declaratory Relief**

"Declaratory relief operates prospectively to declare future rights, rather than to redress past wrongs." Lai v. Quality Loan Serv. Corp., 2010 U.S. Dist. LEXIS 97121, *8 (C.D. Cal. Aug. 26, 2010); Canova v. Trustees of Imperial Irrigation Dist. Employee Pension Plan, 150 Cal.App.4th 1487, 1497 (2007).  Declaratory relief should not be used as a superfluous or second cause of action to determine issues that are identical and subsumed within existing causes of action.  See Jensen v. Quality Loan Serv. Corp., 702 F.Supp.2d 1183, 1189 (E.D. Cal. 2010). Here, Segura relies entirely on past wrongs that appear to be subsumed by the causes of action in the SAC.  Thus, dismissal of this claim without leave to amend is appropriate.

**II.     Cause of Action Nineteen – California Civil Code § 2923.6**

Defendants contend that dismissal of this cause of action is appropriate because there is no cause of action created by § 2923.6.  Defendants are correct.  California Civil Code § 2923.6 does not create a private right of action.  Clark v. Countrywide Home Loans, Inc., 732 F.Supp.2d 1038, 1046-47 (E.D. Cal. 2010); Pantoja v. Countrywide Home Loans, Inc., 640 F.Supp.2d 1177, 1188 (N.D. Cal. 2009); Farner v. Countrywide Home Loans, Inc., 2009 U.S. Dist. LEXIS 5303, *4-*5 (S.D. Cal. 2009).  Dismissal of this claim without leave to amend is appropriate.

**III.     Cause of Action Twenty – California Civil Code § 1788.17 (RFDCPA)**

Defendants make multiple arguments that show the shortcomings of this cause of action. Among other things, Segura's allegations are nothing more than insufficient legal conclusions,

and there are insufficient facts alleged that show any wrongful conduct under the RFDCPA. See <u>Iqbal</u>, 129 S.Ct. at 1949-50; <u>In re Gilead</u>, 536 F.3d at 1056-57; <u>Castaneda v. Saxon Mortg. Serv., Inc.</u>, 687 F.Supp.2d 1191, 1197 (E.D. Cal. 2009).  More importantly, however, Segura does not challenge Kondaur's assertion that this cause of action attacks the non-judicial foreclosure.  Foreclosing on a property pursuant to a deed of trust does not constitute "debt collecting" under the RFDCPA.  <u>Clark v. Countrywide Home Loans, Inc.</u>, 732 F.Supp.2d 1038, 1048 (E.D. Cal. 2010); <u>Castenada</u>, 687 F.Supp.2d at 1197; <u>Rosal v. First Fed. Bank of Cal.</u>, 671 F.Supp.2d 1111, 1135 (N.D. Cal. 2009); <u>Gamboa v. Trust Corps & Cent. Mortg. Loan Serv'g Co.</u>, 2009 U.S. Dist. LEXIS 19613, *11 (N.D. Cal. Mar. 12, 2009); <u>Izenberg v. ETS Servs, LLC</u>, 589 F.Supp.2d 1193, 1199 (C.D. Cal. 2008).  Dismissal of this cause of action without leave to amend is appropriate.

## IV.     Causes of Action Fifteen & Twenty-One  –  Fraud & Civil Code § 1572 (Fraud)

*Defendants' Arguments*

Defendants argue that Segura has failed to allege fraud with sufficient particularity under Federal Rule of Civil Procedure 9(b), including claims related to loan modification.  Further, Defendants argue that Segura's allegations of fraud that are based on conduct in originating the loan fail to state a claim because the Defendants did not originate the loan.  Additionally, Green Tree argues that fraud claims based on California Civil Code § 2923.5 fail because relief under that section was extinguished upon the trustee sale, and claims under Civil Code § 2932.4 fail because that section does not apply to deeds of trust in the manner urged by Segura.  Green Tree also argues that Segura's fraud claim based on California Commercial Code §§ 3301 and 3302 and UCC Article 3 fail because those laws do not apply.  Finally, there is no requirement that the foreclosing entity possess the original promissory note.

*Discussion*

Dismissal is appropriate.  First, any claims of fraud based on a foreclosing party's lack of possession of the original note all fail as a matter of law.  There is no requirement that an entity foreclosing on a deed of trust have possession of the original note.  See <u>Javaheri v. JPMorgan</u>

1  Chase Bank, N.A., 2011 U.S. Dist. LEXIS 36469, *5-*8 (C.D. Cal. Mar. 24, 2011); Evans v.

2  Wells Fargo Bank, NA, 2010 U.S. Dist. LEXIS 122018, *9 (S.D. Cal. Nov. 16, 2010); Clark, 732

3  F.Supp.2d at 1043; Hafiz v. Greenpoint Mortg. Funding, 652 F.Supp.2d 1039, 1043 (N.D. Cal.

4  2009).

5      Second, ACH was the lender and originated the loan.  See RJN Ex. A.  Segura admitted

6  as much in a prior complaint.  See RJN Ex. G at ¶¶ 4-6.  The allegations that indicate Green Tree

7  and Kondaur originated the loan, and the claims based on such a premise, are contrary to

8  judicially noticed documents and prior admissions of Segura.  No claim is stated against the

9  Defendants for conducted associated with originating the loan.

10     Third, reliance on the California Commercial Code § 3301 *et seq.* is improper because,

11 pursuant to California law, those sections do not govern non-judicial foreclosures under deeds of

12 trust.[2]  See Germon v. BAC Home Loans Serv'g, L.P., 2011 U.S. Dist. LEXIS 17084, *6 (S.D.

13 Cal. Feb. 22, 2011); Padayachi v. IndyMac Bank, 2010 U.S. Dist. LEXIS 120963, *8-*9 (N.D.

14 Cal. Oct. 28, 2010); Saugstand v. American Home Mortg. Serv'g, Inc., 2010 U.S. Dist. LEXIS

15 76628, *11-*12 (E.D. Cal. July 29, 2010); Gaitan v. Mortgage Elec. Registration Sys., 2009 U.S.

16 Dist. LEXIS 97117, *27-*28 (C.D. Cal. Oct. 5, 2009).  There can be no fraud claims based on

17 these California Commercial Code sections.

18     Fourth, California Civil Code § 2932.5 does not apply to deeds of trust, and thus cannot

19 form the basis of a fraud claim in this case.  See Estillore v. Countrywide Bank FSB, 2011 U.S.

20 Dist. LEXIS 13530, *38-*41 (E.D. Cal. Feb. 2, 2011); Park v. Wachovia Mortg. FSB, 2011 U.S.

21 Dist. LEXIS 2956, *25 (S.D. Cal. Jan 12, 2011); Roque v. Suntrust Mortg., Inc., 2010 U.S. Dist.

22 LEXIS 11546, *7-*8 (N.D. Cal. Feb. 9, 2010).

23     Fifth, to the extent that Segura contends that California Civil Code § 1624 requires that a

24 foreclosing party have written authorization, such a contention is incorrect because the

25 comprehensive non-judicial foreclosure statutes do not require separate authorization.  Reynoso

26

27     [2]Green Tree's motion to dismiss indicates that Segura is relying on Article 3 of the UCC.  It is not clear to
   the Court that this is the case.  However, to the extent that Segura relies on Article 3 of the UCC to allege fraud, such
28 reliance is improper since, under California law, Article 3 does not apply to non-judicial foreclosures under deeds of
   trust.  See Padayachi v. IndyMac Bank, 2010 U.S. Dist. LEXIS 120963, *8-*9 (N.D. Cal. Oct. 28, 2010).

1    v. Paul Financial, LLC, 2009 U.S. Dist. LEXIS 106555, *11 & n.6 (N.D. Cal. Mar. 9, 2009).

2           Sixth, "the elements of fraud, which give rise to the tort action for deceit, are: (1) a

3    misrepresentation, (2) with knowledge of its falsity, (3) with the intent to induce another's

4    reliance on the misrepresentation, (4) justifiable reliance, and (5) resulting damage." Conroy v.

5    Regents of Univ. of Cal., 45 Cal.4th 1244, 1255 (2009); Small v. Fritz Companies, Inc., 30

6    Cal.4th 167, 173 (2003).  Claims of fraud must be pled with particularity and in accordance with

7    the heightened pleading standard of Federal Rule of Civil Procedure 9(b).  See Fed. R. Civ. Pro.

8    9(b); Destifino v. Reiswig, 630 F.3d 952, 958 (9th Cir. 2011).  To satisfy Rule 9(b), a complaint

9    must identify the who, what, when, where, and how of the fraudulent conduct, as well as identify

10   what is false or misleading about the allegedly fraudulent statement including why the statement

11   is false.  Ebeid v. Lungwitz, 616 F.3d 993, 998 (9th Cir. 2010); Vess v. Ciba-Geigy Corp., USA,

12   317 F.3d 1097, 1106 (9th Cir. 2003).  Also, "Rule 9(b) does not allow a complaint to merely

13   lump multiple defendants together but require[s] plaintiffs to differentiate their allegations when

14   suing more than one defendant . . . and inform each defendant separately of the allegations

15   surrounding his alleged participation in the fraud."  Swartz v. KPMG, LLP, 476 F.3d 756, 764-65

16   (9th Cir. 2007); see Destifino v. Reiswig, 630 F.3d 952, 958 (9th Cir. 2011).  Here, Segura does

17   not allege the how, when, or where of any of the alleged misrepresentations, and the "what" of

18   the misrepresentations are far from clear.  See Ebeid, 616 F.3d at 998; Vess, 317 F.3d at 1106.

19   Plaintiff must explain who said the misrepresentations, when the misrepresentations were made,

20   how the misrepresentations were made, where the misrepresentations were made, what the

21   misrepresentations are, and what makes the misrepresentations false.  See id.  Further, Segura is

22   required to differentiate her allegations when more than one defendant is accused of fraud, and

23   she cannot simply lump Green Tree and Kondaur together when alleging fraud.  See Destfino,

24   630 F.3d at 958; Swartz, 476 F.3d at 764-65.  Segura must specifically identify what Green Tree

25   did/said that was fraudulent, and she must identify what Kondaur did/said that was fraudulent.

26          Seventh, the statute of limitations for a fraud claim is three years.  See Cal. Code Civ.

27   Pro. § 338(d); Broberg v. The Guardian Life Ins. Co. of Am., 171 Cal.App.4th 912, 920 (2009).

28   Here, the loan was obtained on December 20, 2006.  Segura did not file this lawsuit until April

7

20, 2010.  This exceeds the three year statute of limitations.  Further, Segura does not allege facts that would support any form of equitable tolling.  Unless Segura can allege facts that would justify tolling the statute of limitations, cf. Jensen, 702 F.Supp.2d at 1195, any fraud claims that accrued prior to April 20, 2007, are time barred.

Eighth, any claim based on an alleged violation of California Civil Code § 2923.5 expired on the date of the foreclosure sale.  See Kokopelli Cmty. Workshop Corp. v. Select Portfolio Serv'g, Inc., 2011 U.S. Dist. LEXIS 10780, *19 (S.D. Cal. Feb. 22, 2011); Mehta v. Wells Fargo Bank, N.A., 737 F.Supp.2d 1185, 1194 (S.D. Cal. 2010).

For these reasons, dismissal of the fraud claim is appropriate.  As discussed above, amendment regarding some of the grounds for fraud would be futile because they are foreclosed as a matter of law.  However, it is not clear that each basis for fraud identified in the SAC is foreclosed.  Consistent with the above analysis, dismissal will be with leave to amend as to those bases for fraud that are not foreclosed as a matter of law.

**V.      Cause of Action Seventeen – Quiet Title**

Under California law, a claim for quiet title must be in a verified complaint and include: (1) a description of the property that is the subject of the action, (2) the title of the plaintiff as to which a determination under this chapter is sought and the basis of the title, (3) the adverse claims to the title of the plaintiff against which a determination is sought (4) the date as of which the determination is sought, and (5) a prayer for the determination of the title of the plaintiff against the adverse claims.  See Cal. Code Civ. Proc. § 761.020; Jensen, 702 F.Supp.2d at 1198.  Further, a "mortgagor of real property cannot, without paying his debt, quiet his title against the mortgagee."  Clark, 732 F.Supp.2d at 1049; Nool v. Homeq Servicing, 653 F.Supp.2d 1047, 1056 (E.D. Cal. 2009); Miller v. Provost, 26 Cal.App.4th 1703, 1707 (1994).  That is, "a trustor/borrower is unable to quiet title without discharging his debt.  The cloud upon his title persists until the debt is paid."  Coyotzi v. Countrywide Fin. Corp., 2009 U.S. Dist. LEXIS 91084, *54 (E.D. Cal. Sept. 15, 2009); Pagtalunan v. Reunion Mortg., Inc., 2009 U.S. Dist. LEXIS 34811, *14 (N.D. Cal. April 8, 2009); see Mitchell v. Bank of Am., 2011 U.S. Dist.

LEXIS 8973, *6-*7 (S.D. Cal. Jan. 31, 2011); <u>Saldate v. Wilshire Credit Corp.</u>, 686 F.Supp.2d
1051, 1060 (E.D. Cal. 2010).

 Segura has not adequately pled a quiet title claim.  First, the complaint is not verified.
Second, although the complaint indicates that Segura tendered the full amount owing, <u>see</u> SAC ¶
12, the relevant allegation states that the particulars of the tender are found in paragraph 9, but
paragraph 9 has nothing to do with tender.  <u>See id.</u> at ¶ 9.  Given the nature of the complaint as a
whole, Paragraph 12 is insufficient to allege tender.  Third, Segura relies on allegations of fraud
regarding the loan, but neither Green Tree nor Kondaur originated the loan, and the fraud claims
do not meet Federal Rule of Civil Procedure 9's heightened pleading standard.  Fourth, there is
no description of Segura's title to the property.  Fifth, Segura does not identify a date as of which
a determination of title is requested.  Sixth, there is no prayer for a determination of title.
Finally, there is no description of the adverse interests involved.  Indeed, it appears that Green
Tree has no interest in the title since it transferred its interests to Kondaur in November 2009.
<u>See</u> RJN Ex. G at ¶¶ 6, 8-9.  In light of the allegations in RJN Ex. G and Segura's failure to
challenge the contention that Green Tree has no interest in the property, dismissal of this claim as
to Green Tree with prejudice is appropriate.  However, since it is not apparent that amendment
would be futile as to Kondaur, dismissal will be with leave to amend as against Kondaur.

## VI. Cause of Action Sixteen – RESPA Claims

 Although the caption and the allegations cite only 12 U.S.C. § 2607(b), Segura includes
allegations about the failure of Defendants to respond to a "qualified written request," which is a
requirement of 12 U.S.C. § 2605(e).  <u>See</u> SAG ¶¶ 15, 149 & Ex. B; <u>cf.</u> <u>Jensen</u>, 702 F.Supp.2d at
1194.  As such, the Court will address the allegations under both § 2605(e) and § 2607(b).

 1. <u>12 U.S.C. § 2607(b)</u>

 Kondaur argues that the one year statute of limitations for this claim has run.  The Court
agrees.  There is a one year statute of limitations that runs from the date of closing in which to
bring a lawsuit.  <u>See</u> 12 U.S.C. § 2614; <u>Santos v. U.S. Bank N.A.</u>, 716 F.Supp.2d 970, 978 (E.D.
Cal. 2010); <u>Jensen</u>, 702 F.Supp.2d at 1195.  Segura's mortgage closed in December 2006, but

1    this lawsuit was not filed until April 2010.  The statute of limitations has run.  See id.  Although

2    it has been held that equitable tolling may apply to claims under § 2607(b), see Jensen, 702

3    F.Supp.2d at 1195, and the SAC includes an allegation that is an insufficient and conclusory

4    attempt at pleading equitable tolling, see SAC ¶ 149, equitable tolling does not apply to this case.

5    This is because Defendants were not involved in the origination or closing of the loan.  See

6    Dizon v. California Empire Bancorp, Inc., 2009 U.S. Dist. LEXIS 109339, *11-*12 (C.D. Cal.

7    Nov. 9, 2009); Edejer v. DHI Mortg. Co., 2009 U.S. Dist. LEXIS 52900, *19 (N.D. Cal. June 12,

8    2009).  Therefore, dismissal of this claim with prejudice is appropriate.

9         2.    12 U.S.C. § 2605(e)

10        Green Tree contends dismissal is appropriate because it does not appear that Segura sent

11   it a qualified written request, and because Green Tree was no longer a servicer on the date that

12   Segura sent the qualified written request.  The Court agrees.  Section 2605(e) applies to loan

13   servicers.  See 12 U.S.C. § 2605(e); Santos, 716 F.Supp.2d at 979.  Segura attached a copy of her

14   qualified written request to the SAC.  The letter was sent at a time when Green Tree was no

15   longer the servicer.  See SAC ¶ 15 & Ex. B; RJN Ex. G at ¶¶ 6, 8-9.  No authority has been cited

16   to the Court that would require Green Tree to respond to Segura's request.  Further, the attached

17   exhibit does not indicate that it was even sent to Green Tree.  See SAC ¶ Ex. B.  Dismissal of

18   this claim with prejudice as to Green Tree is appropriate.

19        As for Kondaur, its statute of limitations argument is unavailing because Kondaur does

20   not address Segura's qualified written request, but instead focuses only on the statute of

21   limitations for a claim under § 2607(b).  The statute of limitations for a claim under § 2605(e) is

22   three years, and Segura alleges that she sent the claim on April 5, 2010.  See 12 U.S.C. §

23   2614; Santos, 716 F.Supp.2d at 978; SAC ¶ 15.  Nevertheless, to properly plead a cause of action

24   for a loan servicer's failure to respond to a qualified written request, a plaintiff must plead that

25   she suffered actual damages as the result of the servicer's failure to respond, and must describe

26   the damages that were actually suffered.  See Johnson v. Washington Mut., 2010 U.S. Dist.

27   LEXIS 22959, *19 (E.D. Cal. Feb. 24, 2010); Reynoso, 2009 U.S. Dist. LEXIS 106555 at *25.

28   Segura has only pled that she suffered actual damages.  See SAC ¶ 150.  This conclusory

allegation is insufficient.  See Johnson 2010 U.S. Dist. LEXIS 22959 at *19; Reynoso, 2009 U.S. Dist. LEXIS 106555 at *25.  Because it is not apparent that amendment would be futile as to Kondaur, dismissal with leave to amend is appropriate.

## VII.   Cause of Action Eighteen - California Business & Professions Code § 17200 (UCL)

Green Tree contends that Segura's UCL claim is dependent upon her other causes of action, and since all other substantive causes of action fail, so too fails the UCL.  Green Tree is correct.  Because the UCL allegation is nothing more than a paragraph that incorporates other claims by reference, see SAC ¶ 156, and all prior claims fail, so too fails Segura's UCL claim. See Jensen, 702 F.Supp.2d at 1200.  Segura's UCL claim also fails because it does not explain whether it is based on an unfair, unlawful, or fraudulent practice, and it does not allege facts that show unfair, unlawful, or fraudulent conduct.  See id. at 1199-1200.  Because it is not apparent that amendment would be futile, dismissal with leave to amend is appropriate.

## VIII.   Cause of Action Twenty-Two – Injunctive Relief

"Injunctive relief is a remedy and not, in itself, a cause of action, and a cause of action must exist before injunctive relief may be granted."  Clark, 732 F.Supp.2d at 1051 (quoting Camp v. Board of Supervisors, 123 Cal. App. 3d 334, 356 (1981)); Vega v. JP Morgan Chase Bank, NA, 654 F.Supp.2d 1104, 1112 (E.D. Cal. 2009).  Here, since all of the substantive causes of action have been dismissed, Plaintiff cannot obtain injunctive relief.  See id.

More importantly, the injunctive relief that Segura seeks is to enjoin Defendants from foreclosing.  See SAC at ¶ 188.  However, foreclosure and a trustee's sale occurred on April 22, 2010.  See RJN Ex. F.  Therefore, "this relief is moot as the property has been sold," and there "remains no effective relief this court can offer as the court cannot restrain or prevent an action that has already occurred."  Rosal, 671 F.Supp.2d at 1136; Edejer, 2009 U.S. Dist. LEXIS 52900 at *29.  Therefore, dismissal of this cause of action with prejudice is appropriate.  See id.

11

**CONCLUSION**

Defendants move for summary judgment on all claims alleged in the SAC.  Segura filed no opposition or response of any kind.  For the reasons discussed above, dismissal of the entirety of the SAC is appropriate.  Because amendment would be futile, the Court will dismiss Segura's cause of action for injunctive relief, cause of action under 12 U.S.C. § 2607(b), cause of action under California Civil Code §§ 1788.17 and 2923.6, and cause of action for declaratory relief without leave to amend.  Additionally, the Segura's causes of action for quiet title and 12 U.S.C. § 2605 against Green Tree will be dismissed without leave to amend, but will be granted leave to amend as to Kondaur.  All other causes of action will be dismissed with leave to amend because it is not clear that amendment would be futile.

Accordingly, IT IS HEREBY ORDERED that Defendants' motions to dismiss the Second Amended Complaint are GRANTED as follows:

1.   The causes of action for injunctive relief, declaratory relief, 12 U.S.C. § 2607(b), California Civil Code §§ 1788.17 and 2923.6 are DISMISSED without leave to amend;

2.   The causes of action under 12 U.S.C. § 2605 and quiet title are GRANTED without leave to amend as to Defendant Green Tree, but are GRANTED with leave to amend as to Defendant Kondaur;

3.   The causes of action for fraud, California Business & Professions Code § 17200, and California Civil Code § 1572 are DISMISSED with leave to amend;

4.   Plaintiff may file an amended complaint that is consistent with this order no later than fourteen (14) days from the service of this order; and

5.   Plaintiff is forewarned that the failure to file a timely amended complaint will result in the Court withdrawing leave to amend and ordering the termination of this case without further notice.

IT IS SO ORDERED.

Dated:   _____June 16, 2011_____                    _____

CHIEF UNITED STATES DISTRICT JUDGE